UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHAD TEGLAS                                CIVIL ACTION NO. 07-cv-1333

VERSUS                                     JUDGE WALTER

GENERAL MOTORS GLOBAL H Q                  MAGISTRATE JUDGE HORNSBY
EMPLOYEE BENEFITS, ET AL

**REPORT AND RECOMMENDATION**

Chad Teglas, represented by attorney Pamela Jones, filed this ERISA action to compel a plan administrator to produce plan documents and compel the payment of benefits. Early in the proceedings, counsel for Plaintiff filed a motion to withdraw on the grounds of irreconcilable conflicts. Counsel reported that she served Plaintiff with written notice of her intent to withdraw in February 2008. The motion to withdraw was also served on Plaintiff.

The court issued an order (Doc. 11) that granted the motion to withdraw. The order stated that Plaintiff was "strongly encouraged to retain new counsel" and granted him more than a month, until May 5, 2008, to either (1) enroll new counsel to represent him in this case or (2) file with the court a written statement that he intends to represent himself. The order warned: "Failure to take one of those steps prior to May 5, 2008 may result in Mr. Teglas' case being dismissed, without further notice, for failure to prosecute." The docket sheet indicates that a copy of the order was mailed to Mr. Teglas.

The May 5, 2008 deadline has passed, but there has been no action of record by Mr. Teglas or an attorney acting on his behalf. The court provided ample time for Mr. Teglas

to secure new counsel or indicate his desire to proceed without counsel. Mr. Teglas has not taken even the simple step of alerting the court that he desires to proceed on his own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of May, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE